Motion denied, and demurrer overruled, with $10 costs.

---

### PEOPLE ex rel. McCAUL v. LOUGHREY.

(Court of Special Sessions, Westchester County.　June 21, 1916.)

LICENSES ☞14(1)—MOTOR VEHICLES—"CHAUFFEUR."

    Motor Vehicle Law (Consol. Law c. 25) § 289, subd. 4, as added by Laws 1910, c. 374, requiring chauffeurs to be duly licensed, and section 281, defining a "chauffeur" as any person operating a motor vehicle as an employé or for hire, *held* not to require drivers neither for hire nor as employés to be licensed.

    [Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 25, 29; Dec. Dig. ☞14(1).

    For other definitions, see Words and Phrases, Second Series, Chauffeur.]

Edward Loughrey was indicted for violation of the Motor Vehicle Law, and demurs to the information as not stating facts sufficient to constitute a crime. Demurrer sustained, and defendant discharged.

Albert C. Jordan, of Yonkers (Madden & Jordan, of Yonkers, of counsel), for defendant.

BEALL, J. The information charges the defendant with a violation of section 289, subdivision 4, of the Motor Vehicle Law (Laws 1910, c. 374), in that he did willfully and unlawfully operate an automobile on Hawthorne avenue, a public street at and within the city of Yonkers, N. Y., without having first obtained a written license duly

issued to him by the proper authorities, as prescribed by the law therefor so to do; said act then and there being in violation of the statute in such case made and provided and against the peace of the people of the state of New York and their dignity.

The section of the Highway Law above referred to reads as follows:

"No person shall operate or drive a motor vehicle as a chauffeur upon a public highway of the state after the 1st day of August, 1910, unless such person shall have complied in all respects with the requirements of this section."

Section 281 of the same law says:

"The term 'chauffeur' shall mean any person operating or driving a motor vehicle, as an employé or for hire."

Nowhere in that law is there a requirement for a license or the prohibition against operating without one, as applied to persons other than chauffeurs, or who fall within the above definition. In other words, the employé or chauffeurs for hire, who presumably are experts in driving, are required to pass examinations and secure licenses, while the owner of the car may lend it, or possibly rent it, to some other person, inexpert, who may run it without a license, and only the provisions of the Highway Law with reference to reckless driving would to any extent protect the public.

I shall not advert to the general principle of law that the rights to the use of a public highway are vested in the public absolutely, and for all kinds of conveyances, subject only to those restrictions which the state, either through direct legislative acts or by the delegation of powers to the communities, may impose upon such use. Nor is it necessary to discuss the equally wide principle that it does not lie within the power of a court by any rule of construction to enlarge the meaning of a penal statute, and read into it as criminal acts which have theretofore been lawful.

However pernicious the custom in question may be, and frankly I regard it as rendering largely nugatory the provisions of that portion of the Highway Law relating to automobiles, it is not part of the duty of this court to attempt to change it by judicial construction; the right remedy being by appeal to the Legislature for the amendment of the law.

I find that there was no violation of any law by the defendant upon the admitted state of facts, and accordingly discharge him.